UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 2:19-cr-173-SPC-MRM

CHRISTOPHER GLOSTER, SR.,

     Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S "MOTION TO AMEND JUDGMENT NUNC PRO TUNC"

This matter is before the Court on Defendant Christopher Gloster, Sr.'s "Motion to Amend Judgment Nunc Pro Tunc," filed *pro se* on June 24, 2024. (Doc. 56). No response is required. After reviewing the motion, case file, and the record, the Court finds as follows:

In his motion, Defendant requests that the Court amend his sentence to include additional jail credit. As the Supreme Court has explained

> After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a).... To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning a defendant.

*United States v. Wilson*, 503 U.S. 329, 335 (1992). Federal regulations allow prisoners administrative review of the computation of their jail credit. Prisoners may seek judicial review only after exhausting their administrative remedies by filing a habeas petition under 28 U.S.C. § 2241. *United States v. Warrick*, No. 8:06-

cr-464-T-17TGW, 2018 WL 3838074, at *1 (M.D. Fla. Aug. 13, 2018).

Upon review, the motion is **DENIED WITHOUT PREJUDICE** to any right Defendant may have to exhaust the available administrative remedies prior to filing a habeas petition.

**DONE AND ORDERED** in Chambers, in Fort Myers, Florida, this 28th day of June, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE